Case number 22-3889, USA v. Phillip Cabbage, oral argument, 15 minutes per side. Mr. Valle, for the appellate. Good morning, Your Honors, and may it please the Court, Manuel Valle, on behalf of Mr. Phillip Cabbage, I'd like to reserve four minutes of my time for rebuttal. Section 3B1.1 of the Sentencing Guidelines authorizes an aggravating role enhancement only when the district court finds that a defendant has exercised control over at least one other criminal participant. In Mr. Cabbage's case, the district court did not even consider the control question at sentencing, let alone make the finding that the guidelines and this Court's cases require. And as Mr. Cabbage explained in his PSR objections, there was no evidence in the record on which the judge could have relied to make such a finding. In these circumstances, imposing the enhancement on Mr. Cabbage was an obvious procedural error, and under any standard or review, that error that raised the top of Mr. Cabbage's guidelines range by two and a half years ought to be corrected. The government can only argue otherwise by claiming that Mr. Cabbage waived his appellate arguments, but that is wrong. True waiver requires an explicit concession. How do you distinguish Scuderes, and I'm sorry if I'm butchering the pronunciation? Scuderes? Yeah, it's S-K-O-U-T-E-R-I-S. Our case that says if you had an objection, you later say it's resolved, that's a waiver. So if I'm, I may be thinking of a different case, but I believe, is that also Dinkins, or no? No. Scuderes? I think it's Scuderes. I can look. So I guess my response on that, because I know there are cases that talk about bringing up an objection and withdrawing it, is that here Mr. Cabbage, in the email where his trial counsel said that the objection was resolved, here it's not clear that Mr. Cabbage was withdrawing his control. Well, if you say it's resolved in the real world with district judges who are busy, that means you don't have to make factual findings because we've agreed. Would the district court have to make, every time the government agrees to something less than they've charged or could prove or the pre-sentence report proves, does the district court have to make the lesser finding? Imagine a drug quantity and they charge you with a kilo of whatever, and then they say they resolve it, to use your words, with the defendant for something less than. Is the district court always obligated, every time there's an agreement between the parties, to still make factual findings? So I think the district court always has an independent obligation to apply the law. If we're talking about a factual stipulation, I think that the district court can apply the law and rely on a factual stipulation. So why, when you say the PSR supports three or more or whatever it was, and here you say, well, we agreed to something less, why can't the district court just accept the PSR at that point and allow the settlement to something less? So I think I want to push back on the suggestion that the district court would have inferred from the email that resolving the objection meant there was no need to make a factual finding? Well, in district courts, that happens all the time. I mean, every day in district court in America, the U.S. and a defendant resolve things, and they say, we agree to X, this guideline enhancement. You're telling me every time they agree, the district court still has to make factual findings and a legal conclusion? I think absolutely a legal conclusion, if they're stipulating to facts. Do they have to do the same with an 11C1C agreement? I believe that even in the Rule 11 context, the district court needs to exercise its independent discretion to. . . Sure, they have to exercise their independent discretion to approve the plea or not approve the plea. And I believe that involves making sure that the guidelines, the calculations are appropriate. And you're saying they can't accept stipulations anymore? They can accept factual stipulations, but this was not a factual stipulation. So in the. . . Well, they can also suggest, they can also accept the representations of counsel that a legal issue, that an issue no longer exists of a factual nature, right? I believe that's correct, Your Honor. But here, I think it's pretty clear from the record that the counsel and the district court were under a misimpression. But if I could just finish addressing Judge Lepar's question quickly, and then I'll come back to this. The e-mail resolved two objections. One was the objection regarding the 3B1.1 enhancement. The e-mail also said it resolved the enhancement regarding the drug quantity calculation. Now, resolved, the same word resolved was used for both, and the district court clearly recognized at sentencing that the agreement between the government and Mr. Cabbage on the drug quantity calculation did not absolve him of the need to consider the issue and make a finding. That's my point. There's many judges in the country that if that's the standard and the government agrees to something, you're saying the district court can still go up to the other one. You're saying if they agree to 500 grams for whatever it is, and it's a lesser level, the district court can still, still has an obligation to make factual findings. And if the factual finding is such that it's a kilo, the agreement between the parties is irrelevant. He can sentence or she can sentence you as high as they want. I mean, this is a pitfall. You can go both ways, I get. And absolutely, and recognizing that in the context of this case, the plus two enhancement that Mr. Cabbage received was legally inapplicable, which is a point we made in our brief, and I don't think the other side has argued that, just because it was undisputed that there were. You concede if you win, the government can go back and seek three levels? Yes, and Mr. Cabbage understands that, that if this goes back and there are additional considerations and findings, the government, if it had evidence that Mr. Cabbage exercised control, it could present that. And Mr. Cabbage is confident that there is no such evidence. But, you know, to your point, in context, the resolution of the control objection is identical to the resolution of the fentanyl analog objection, which meant that. No, I saw that. But this is not a case where there's nothing there that could possibly support the scoring, right? Aren't there allegations that he was managing people? So in the PSR, and this is what his objections to the PSR objected to, the PSR had two statements that were unexplained and, you know, sort of in tension with other factual statements, that he exercised control over Mr. Murillo, who was in the, or actually it just says he directed his activities, so it's not clear what it meant by that. But Mr. Murillo was sent by the cartel to oversee this drug transaction, and when you, you know, see the factual basis, when you read through, it's pretty clear that Mr. Murillo was there to make sure that the drug money was prepared, you know, gathered, and the cartel actually got paid, and Mr. Cabbage's role was as an intermediary between the cartel and the Toledo drug organization. Sure, but it said, I mean, at paragraphs 9 and 11 of the PSR, there's support for both Wilson and Murillo. So, I mean, those seem like, I would say, bare, ultimate conclusions of fact. Sure, and you could have had that hashed out. I mean, what about, I mean, as you admit yourself in your own brief, you invited the error, and so when you invite what is, these are factual findings. You agree, right? 9 and 11 are not legal conclusions, they're factual findings. That's true. When you resolve the factual issues, you're saying a district court still has to conduct a hearing, still inquire, and still determine the facts, or no, can they accept the facts? So, I don't believe the email was resolving the factual issues. The factual issues, and I think it's… The district court said, him or herself, I can't remember who the district judge was, that the parties are in the best position to get the facts right, and that's 100% true. You always know better than the judge is going to know. The district judge, in fact, said that in the hearing itself. That's true, but I don't believe there's any evidence in the sentencing transcript to suggest that the district judge was thinking about the evidence of control. But you agree with that statement, right, that the parties know better, the facts? As to the facts, yes, but not as to the law. And so the PSR says he's managed these two people, those are factual statements, they're not legal. Correct. The district court could accept those. The district court could accept those, but I don't believe the district court did. Sure, the district court accepted the PSR. The district court accepted the 3B1.1 enhancement with the change to go from the 3 to the 2, and I think in context it seems like the parties… But it accepted it specifically. The district judge specifically says I accept the PSR. Sorry? I believe the district court accepted the PSR with the change to the 3B1.1 enhancement. And a change to the 3 to the 2 necessarily implies a change, a factual disagreement, right? No, not when the parties resolve it. This is my point. This happens all the time where a district judge accepts lesser than the government believes and the PSR indicates. The district judge doesn't know whether it was actually based, whether it was factually based or based on some other considerations typically. If he's just told, he or she is just told the result of the agreement. That makes sense, but I think that's why it's important for the district court to exercise the obligation to make the findings where it's unclear. Because I think that if the district court had said, you know, find that Mr. Cabbage exercised control, was a manager or a supervisor, we wouldn't be here then. We would have no argument at that point. But I think that if the district court had done that, Mr. Cabbage might have jumped up. Sometimes these arguments, sometimes these agreements are based on facts and sometimes they're based on a U.S. attorney's taking pity on a defendant who he thinks is sympathetic in some way that maybe the guidelines don't reflect. So it might not accord with the factual reality of the case. We're not wanting to call a cooperator to a sentencing here. I see my time has expired, but thank you. Good morning, Your Honors. May it please the Court, Adam Joines of the United States. This Court should affirm the district court sentence of Mr. Cabbage because Mr. Cabbage entered into an agreement with the United States and he then agreed with the Court that the Guideline 3B1.1, Role Enhancement, applied for his management and direction of other members of a drug trafficking conspiracy. That agreement waived his right to challenge this in front of this Court today. But even if it hadn't amounted to a knowing voluntary waiver, an abandonment of an issue that he knew of and then later rescinded, it would still not be a manifest injustice for this Court to review it and to move into the invited error standard that counsel has already agreed likely applies in this case. I want to talk first about the waiver portion. Specifically, counsel said that the email to the Court prior to sentencing didn't resolve the factual issue. My question then is, what did it resolve? What else was at issue besides the statements in paragraph 9 and 11 about his role? Can I ask you, your friend points out correctly so in my mind that the district court did go through, even though it resolved the drug question, the district court went through that anyway. Why isn't that evidence that he should have gone through this too? Your Honor, the district court in the drug quantity standard was looking at a much thornier issue. It didn't have to go into it. But that was resolved, right? Yes, it was. The transcript, the sentencing transcript shows that this was an ongoing discussion about whether the fentanyl analog versus fentanyl pure hit a certain guideline. And so the discussion in Mr. Cabbage's case was an extension of a longer talk about what qualifies under the guidelines. And so the court in that case was going above and beyond its obligations to clarify what drug quantity it was using in its guideline application. It didn't have to, but it did, just out of an abundance of caution and possibly to make sure that for this court or anybody else who discusses it in the future, the reasons why it came to that conclusion. But because those both were resolved, the court didn't have to do it. It was still an uncontested fact at that time. And that's another important part of this discussion, is what was still at issue before the sentencing court at the time of sentencing. The court has an obligation to review contested facts, to figure out what the dispute is, and then to make factual findings in support of its legal conclusions at sentencing. It does not have that same obligation for uncontested facts, for situations where the parties agree and there is no dispute over what facts should apply and to underpin the legal conclusion. That's what that email sent to the court prior to sentencing resolved. That's what the statements in sentencing, when the court asked repeatedly to counsel for the defendant, whether he had anything further to add, or whether the relationship of the parties in this instance supported that role enhancement. Mr. Cabbage at that time could have disputed it. He could have said, wait a second, Your Honor. I know I said before that I resolved this objection, but in reality, I have a problem with this fact. He didn't do so. That is a very similar situation as in U.S. v. Denkins, where the defendant objected to the entirety of the PSR on basis of competency. The court then issued a competency evaluation. The defendant went through the competency evaluation. He was found to be competent. At the same time, he also moved to withdraw his plea, again on the basis of competency. At sentencing, the district court asked that defendant's attorney whether the objection to the PSR should be withdrawn, and counsel said yes. That defendant then moved to try to withdraw his motion, I'm sorry, to try to readdress his motion to withdraw the guilty plea, something that was not expressly discussed during sentencing, even though the PSR objection was. And the court found in Denkins that that defendant had waived both of those issues. It had addressed the PSR objection explicitly on the record. And because that same topic, that discussion of whether competency underpinning the PSR objection, still also maintained his ability to move to withdraw the guilty plea, was a similar waiver. And the court found that there was waiver in both of those instances. That is a very similar situation here. I do want to talk briefly. Why isn't Scuteris your best case, and how come you don't cite it? Your Honor, I apologize. I'm not familiar with Scuteris. Based on the court's recitation, I would agree that does sound like a strong case for us. And I think that the factual underpinnings of my understanding of Scuteris, as you describe it, is that an objection was made, it was later withdrawn, or it was later changed. And so that first statement of an objection, that goes to his knowledge of his rights. He said in his objection that he objects to any role enhancement whatsoever. And then later on, after the email, the resolution, he then agreed to a two-point enhancement. It shows he knows he could have contested the facts underlying that finding, and he chose not to. Even though he still maintained, in some ways, his objection to a three-point enhancement, at the time, his acquiescence, his abandonment of it to a two-point, changed the landscape. Even if this doesn't constitute a knowing waiver, which we obviously still say that it does, there is no manifest injustice to correct such that the court should review it for invited error. Manifest injustice has to be something more than a substantial affecting of the defendant's rights. If it weren't, then it would just fall into the plain error review, and forfeiture and invited error would collapse. There has to be something greater here. And it cannot be that in our adversarial system, a party that agrees and gets what he asks for from a district court can amount to an invited error that's reversible on appeal. That simply cannot be a manifest injustice. If anything, I would say the opposite is true. Giving that defendant an opportunity to game the district court in that way would amount to a manifest injustice. This court has the opportunity to find that this defendant waived it, but in this instance, because no manifest injustice would result because of his agreement, there is nothing for this court to further review, and there's nothing for this court to even look at from a plain error standpoint. One more point I want to make on plain error, just so the court is aware. The United States did not concede that an error was in fact made. Because there was agreement between the parties that this role enhancement applies, because everyone was on the same page as sentencing, the court did not have an obligation to review what is an undisputed factual finding. Those factual findings in paragraphs 9 and 11 state unequivocally that the defendant was the manager or director of Mr. Wilson and Mr. Murillo, members of the drug trafficking organization. Because there's no error, the plain error standard, even in the best case scenario for the defendant, does not apply. I have no further prepared arguments to make. If the court has any questions, I'm happy to address them. Thank you, Your Honors. So I'd like to begin with what opposing counsel asked. What did the parties think they were resolving if they weren't resolving the control issue? And I actually think that's exactly right. They thought they were resolving the control objection by moving from the plus three to the plus two, because they were under the impression that the difference between the plus three and the plus two was that the same control was not required. That's actually plainly erroneous, because the plus two enhancement is only applicable in conspiracies of fewer than five members. But that, you know, it doesn't make any sense. But I would say corroborating that interpretation of what they were resolving is the fact that at sentencing, the government, which was asking the district judge for a sentence above the guidelines range, never suggested that Mr. Cabbage controlled anyone or had a managerial or supervisory position. And it's somewhat inexplicable if the parties had agreed via this e-mail that Mr. Cabbage exercised control, that those paragraphs in the PSR were correct, that the government wouldn't have mentioned that. And as I mentioned, there's nothing in the sentencing transcript that refers to that type of role that Mr. Cabbage had. Opposing counsel said Mr. Cabbage could have objected at sentencing, but object to what? Nothing at sentencing suggested that Mr. Cabbage had this managerial or supervisory role. On the manifest injustice standard, I think that cases like Montgomery and I think it's Darrow or Barrow, are clear that a miscalculation of the guidelines can trigger the invited error standard. The question is, what's the difference between invited error and plain error? And I think the primary difference is that invited error requires equal culpability between the defendant and the government. And here, I think that's undisputed. But in this court's case, the first point they look to in invited error is whether or not there's equal culpability for the error. And here, even though Mr. Cabbage sent the e-mail, it was clear that the e-mail was based on the agreement between the parties. And at sentencing, the government was actually more explicit in terms of telling the district judge that the plus-two enhancement was incorrect. I believe there may be difference between invited error, the manifest injustice standard, and prongs three and four of plain error. It's not clear. I don't think this court has delved into that. Suggested that maybe in the First Act context or other contexts in which the district court has greater discretion, maybe errors there that might satisfy prongs three and four under Rosales-Morales and Molina-Martinez, maybe they wouldn't satisfy the invited error standard. But Mr. Cabbage's case is actually stronger than Mr. Montgomery's case, insofar as Mr. Montgomery had a sentence below the correct, sorry, would have been within the correct guidelines range, whereas Mr. Cabbage's sentence is above it. On the plain error question, just very quickly, our claim, I think we've made this clear, is not a Rule 32 claim. We're not arguing that the district court made a required finding based on the PSR and shouldn't have. Our argument is that the district court had an independent obligation. Judge Gibbons, your opinion in Fowler is 2016 is maybe the best case for us there. The parties had stipulated, the government and the defendant had stipulated to the correct guidelines range. And even though they stipulated, the court said not only is that not a waiver, but this is an error because the district court has an independent obligation to correctly calculate that. I think this is essentially the same, even though it's not the general calculation. It's about the calculation of the enhancement, which is a component of that. Thank you. Thank you both for your argument. We appreciate it very much. Mr. Valle, am I pronouncing that right? Yes, that's right. We appreciate very much your accepting the appointment under the Criminal Justice Act. It's an important service to the court, and you've done an excellent job of representing your client. I also note that your law firm devoted more resources to the preparation of his defense, and they're two of your colleagues on the brief as well, so please extend our thanks to them.